UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BRIAN TOWNE, | ) |
| | ) |
| Plaintiff, | ) Case No. 20 cv 4097 |
| | ) |
| v. | ) Judge Sharon Johnson Coleman |
| | ) |
| KAREN DONNELLY, GEORGE MUELLER, BRIAN VESCOGNI, MATTHEW KIDDER, DAVID GUALANDRI, JEREMIAH ADAMS, SCOTT CRUZ, RANDY BAXTER, CITY of OTTAWA, ILLINOIS, and COUNTY of LASALLE, ILLINOIS, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Brian Towne has brought an amended complaint against defendants alleging violations of the First Amendment, Fourth Amendment, and Fourteenth Amendment, along with a failure to intervene and a conspiracy claim based on these constitutional violations. *See* 28 U.S.C. § 1331; 42 U.S.C. § 1983. Towne also brings supplemental state law claims of malicious prosecution, intentional infliction of emotional distress, indemnification, and conspiracy under Illinois law. *See* 28 U.S.C. § 1367(a). Before the Court are defendants' motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the Court grants in part with prejudice and grants in part without prejudice defendants' motions to dismiss. Because the Court is dismissing Towne's constitutional claims with prejudice, the Court, in its discretion, declines to exercise jurisdiction over Towne's state law claims. *See* 28 U.S.C. § 1367(c)(3).

**Background**

In both 2008 and 2012, Towne was elected State's Attorney for LaSalle County, Illinois. In 2012, while defendant Karen Donnelly was attending law school, she was employed by the LaSalle County State's Attorney's Office ("SAO"). Also, in 2012, Donnelly's son was indicted by the

LaSalle County SAO for criminal offenses, entered a guilty plea, and was sentenced to four years in prison. Towne alleges that while Donnelly was working as a clerk in the SAO, she attempted to improperly access information regarding her son's prosecution.

After Donnelly completed law school in 2014, she applied for and was denied an entry-level position with the LaSalle SAO. In the fall of 2015, Donnelly began her campaign for State's Attorney for the 2016 election opposing Towne. Assistant State's Attorney ("ASA") George Mueller helped Donnelly with her campaign. Donnelly won the election and was sworn in as LaSalle County's State's Attorney on December 1, 2016.

On March 22, 2017, Donnelly, Mueller, ASA Brian Vescogni, and ASA Matthew Kidder had a meeting with defendant David Gualandri, a City of Ottawa police officer. During that meeting, Donnelly explained that the SAO was conducting an investigation into Towne's alleged misconduct while he was the State's Attorney and requested that Gualandri continue this investigation. Towne alleges that he and Gualandri previously had a conflict when Towne declined to charge an individual Gualandri wanted charged.

Donnelly investigated Towne's conduct with the assistance of Mueller, Vescogni, Kidder, Gualandri, ASA Jeremiah Adams, Scott Cruz, an Ottawa police officer, and Randy Baxter, a LaSalle County investigator. During the investigation, Gualandri, Cruz, and Baxter interviewed witnesses, but did not document or disclose that these interviews occurred. Donnelly and Kidder were each present for at least one of these witness interviews. Towne also contends defendants interviewed a SAO employee, who was fired after the employee gave a favorable statement about Towne.

According to Towne, the investigation did not uncover any criminal acts. Nevertheless, Gualandri proceeded to include false statements in his report and omit other materials, such as witness statements. Towne asserts the other defendants knew of these false statements and omitted materials. He further alleges that Donnelly, Mueller, Vescogni, Kidder, and Adams were involved in

2

the investigation by providing guidance to the investigating officer and participating in witness interrogations prior to the presentation to the grand jury. In September 2017, defendants presented the case against Towne to a LaSalle County grand jury. Towne contends that Donnelly, Mueller, and Kidder made misstatements to the grand jury in order to obtain the indictment.

In September 2017, Towne surrendered when he was informed of the indictment against him and was immediately released on a $50,000 personal recognizance bond. In October 2017, defendants presented the case to the grand jury for amended indictments. Meanwhile, during the criminal proceedings, Towne moved for the appointment of a special prosecutor, which the state court granted on November 28, 2017. Greg McClintock was then appointed as special prosecutor on February 14, 2018. Donnelly and Mueller appealed the special prosecutor appointment, which the Illinois Appellate Court denied in March 2019. The Illinois Supreme Court denied Donnelly's petition for leave to appeal in June 2019.

In the interim, Towne filed a speedy trial demand. On August 2, 2019, the trial court granted Towne's motion and dismissed all charges against Towne. Towne asserts that after the case was dismissed, Donnelly continued to make statements to the media about him and accused special prosecutor McClintock of having improper motives.

Construing Towne's allegations as true, the Court is disheartened by the alleged misconduct on behalf of former LaSalle State's Attorney Donnelly and other LaSalle County and Ottawa public officials and employees. The Court notes that both Donnelly and Gualandri are defendants in other pending lawsuits in this district regarding similar claims of misconduct.

**Legal Standard**

A motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim tests the sufficiency of the complaint, not its merits. *Skinner v. Switzer*, 562 U.S. 521, 529, 131 S.Ct. 1289, 179 L.Ed.2d 233 (2011). When considering dismissal of a complaint, the Court accepts all well-pleaded factual

3

allegations as true and draws all reasonable inferences in favor of the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) (per curiam). To survive a motion to dismiss, plaintiff must "state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). A complaint is facially plausible when the plaintiff alleges "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). "[A] motion to dismiss based on failure to comply with the statute of limitations should be granted only where the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense." *Vergara v. City of Chicago*, 939 F.3d 882, 886 (7th Cir. 2019) (citation omitted).

**Discussion**

*First Amendment Claim*

In Count I, Towne brings a First Amendment retaliation claim alleging that his criminal prosecution was motivated by political activity, namely, his running for LaSalle County State's Attorney in the 2016 election. Defendants argue that this claim is untimely under the two-year limitations period. "A § 1983 claim borrows the statute of limitations for analogous personal-injury claims in the forum state; in Illinois that period is two years." *Lewis v. City of Chicago*, 914 F.3d 472, 478 (7th Cir. 2019). "Although courts look to state law for the length of the limitations period, the time at which a § 1983 claim accrues 'is a question of federal law,' 'conforming in general to common-law tort principles.'" *McDonough v. Smith*, 139 S.Ct. 2149, 2155 (2019) (citation omitted).

At issue is when Towne's First Amendment political retaliation claim accrued. Looking to federal law, "the statute of limitations clock begins to run on First Amendment retaliation claims immediately after the retaliatory act occurred." *Gekas v. Vasiliades*, 814 F.3d 890, 894 (7th Cir. 2016). In his amended complaint, Towne alleges that he was charged via grand jury indictments in

4

September 2017, and Towne brought this lawsuit in July 2020. Thus, Towne's First Amendment retaliation claim is untimely under the two-year limitations period.

Towne nonetheless argues that the Supreme Court's decision in *McDonough* is controlling and that his First Amendment claim did not accrue until his criminal charges were dismissed in August 2019. In *McDonough*, the Supreme Court analyzed the accrual for a Fourteenth Amendment due process claim based on fabricated evidence. Analogizing such claims to the tort of malicious prosecution, the Supreme Court concluded that Fourteenth Amendment due process claims based on fabricated evidence do not accrue until a favorable determination of the underlying prosecution. *Id.* at 2156.

Towne's First Amendment claim is not analogous to a malicious prosecution claim because these claims are "fundamentally different causes of action." *See Gekas*, 814 F.3d at 894. To explain, "it is the standard rule that accrual occurs when the plaintiff has a complete and present cause of action, that is, when the plaintiff can file suit and obtain relief." *Wallace v. Kato*, 549 U.S. 384, 388 (2007). Under this standard, a First Amendment claim accrues when the retaliatory action occurred, namely, when Towne was charged with criminal offenses, because Towne "knew or should have known" that defendants' actions violated his First Amendment rights. *Gekas*, 814 F.3d at 894. On the other hand, a malicious prosecution claim is not "complete" while the criminal proceedings are ongoing. *McDonough*, 139 S.Ct. at 2158. As such, the Court grants defendants' motion to dismiss Count I as untimely with prejudice because *McDonough* does not control the limitations inquiry.

*Fourth Amendment Claim*

In Count II, Towne brings a Fourth Amendment wrongful pretrial detention claim alleging that the criminal indictments against him were not supported by probable cause. Defendants argue that Towne's Fourth Amendment claim is untimely under the two-year limitations period. Again, at issue is when Towne's Fourth Amendment claim accrued.

Under established Seventh Circuit law, "a claim for unlawful pretrial detention accrues when the detention ceases." *Mitchell v. City of Elgin*, 912 F.3d 1012, 1015 (7th Cir. 2019). More specifically, "[b]ecause the wrong is the detention rather than the existence of criminal charges, the period of limitations also should depend on the dates of the detention." *Manuel v. City of Joliet, Ill.*, 903 F.3d 667, 670 (7th Cir. 2018). As the Seventh Circuit recently held, the Supreme Court's decision in *McDonough* does not change this conclusion. *Smith v. City of Chicago*, ___F.4th ___, 2021 WL 2643004, at *1 (7th Cir. June 28, 2021). Relevant to this case, the Seventh Circuit concluded in *Smith* that standard bond restrictions, including that a detainee must seek permission to travel, do not amount to a Fourth Amendment seizure. *Id.* at *8.

Towne was released on bond in September 2017, and he filed this lawsuit in July 2020; therefore, his Fourth Amendment claim is untimely. The Court grants defendants' motions to dismiss Count II of the amended complaint with prejudice.

*Fourteenth Amendment Due Process Claim*

Next, in Count III, Towne brings a Fourteenth Amendment procedural due process claim based on defendants fabricating evidence, intimidating exculpatory witnesses, and concealing exculpatory evidence in an effort to prosecute him. The defendants do not argue that Towne's due process claim is untimely. Instead, they argue that because Towne was released on a $50,000 personal recognizance bond, he was not denied a liberty interest as required to bring his due process claims.

To address defendants' arguments, the Court must first untangle Towne's several due process claims. Turning to the fabrication of evidence allegations, "[t]he essence of a due-process evidence-fabrication claim is that the accused was convicted and imprisoned based on knowingly falsified evidence, violating his right to a fair trial and thus depriving him of liberty without due process." *Patrick v. City of Chicago*, 974 F.3d 824, 835 (7th Cir. 2020). Prior to the

6

Supreme Court's 2019 decision in *McDonough*, the Seventh Circuit has held that "a plaintiff who had been released on bond following his arrest and who was later acquitted at trial could not maintain a due process claim for fabrication of evidence" because "the plaintiff must have suffered a deprivation of liberty." *Cairel v. Alderden*, 821 F.3d 823, 831 (7th Cir. 2016).

Towne argues that *McDonough* changes this Seventh Circuit precedent. In particular, Towne asserts that the facts underlying the fabricated evidence claim in *McDonough* are similar to his, namely, that the prosecutor secured an indictment using fabricated evidence, the plaintiff was released on bond, and plaintiff was later acquitted. In *McDonough*, however, the Supreme Court stated "[w]e assume without deciding that the Second Circuit's articulations of the right at issue and its contours are sound, having not granted certiorari to resolve those separate questions." *Id.* at 2155. The Supreme Court further explained that "as the case comes to this Court, it is undisputed that McDonough has pleaded a liberty deprivation." *McDonough*, 139 S.Ct. 2156 n.4.

Accordingly, the *McDonough* decision does not change Seventh Circuit precedent in this regard because the *McDonough* Court did not address what constitutes a liberty deprivation under the circumstances. Thus, Towne must still plausibly allege a liberty deprivation resulted from the fabrication of evidence. In his amended complaint, Towne alleges that when he was released on bond "his freedom of movement was limited" and that the conditions of his bond "restricted his liberty in a way that would not have existed absent the criminal indictments." Towne, however, has failed to provide any legal authority supporting his allegations that his freedom of movement or his bond restrictions amount to the deprivation of a liberty to support his due process claim. In the end, Towne's fabrication of evidence claim is foreclosed because he was released on bond and the conditions of his bond did not amount to a deprivation of a liberty interest as articulated in *Cairel*. *Id.* at 831 ("Plaintiffs were quickly released on bond following their arrests. Of course, they were never actually tried, but this, if anything, reduces any burden plaintiffs may have faced").

Next, Towne's due process allegations concerning defendants concealing exculpatory evidence fall under the *Brady* doctrine. To prevail on a claim for the violation of the due process disclosure duty under *Brady*, "a plaintiff must demonstrate that the evidence in question was favorable to him, the police 'suppressed' the favorable evidence, and prejudice ensued because the suppressed evidence was material." *Anderson v. City of Rockford*, 932 F.3d 494, 504 (7th Cir. 2019). In general, *Brady* is not triggered when an "individual is merely charged with a crime, but never fully prosecuted." *Ray v. City of Chicago*, 629 F.3d 660, 664 (7th Cir. 2011); *see also Garcia v. City of Chicago,* 24 F.3d 966, 971 (7th Cir. 1994) (*Brady* violation did not occur when a prosecutor moved for *nolle prosequi*). Equally important, a *Brady* claim cannot stand without the deprivation of liberty. *See Cairel*, 821 F.3d at 833. Again, Towne's failure to allege a deprivation of a liberty interest forecloses his *Brady* claim.

Towne further contends that he is bringing a substantive due process clause claim. "To allege a viable substantive due process claim, [Towne] would need to allege conduct under color of state law that 'violated a fundamental right or liberty' and was so 'arbitrary and irrational' as to 'shock the conscience.'" *Nelson v. City of Chicago*, 992 F.3d 599, 604 (7th Cir. 2021) (citation omitted). "Substantive due process protects only 'those fundamental rights and liberties which are, objectively, 'deeply rooted in this Nation's history and tradition,' and must be subject to 'careful description.'" *Id.* (quoting *Washington v. Glucksberg*, 521 U.S. 702, 720–21 (1997)). Here, Towne has failed to allege a violation of a liberty interest, and has not pointed to a fundamental right that defendants violated. Therefore, Towne's substantive due process claim fails. The Court grants defendants' motions to dismiss Count III with prejudice.

*Failure to Intervene and Conspiracy Claims*

In Counts IV and V, Towne alleges that defendants failed to intervene to prevent the deprivation of his constitutional rights and that defendants engaged in a conspiracy to deprive him

8

of his constitutional rights. Because Towne has failed to timely and plausibly allege any constitutional deprivations, his failure to intervene claim necessarily fails. *See Turner v. City of Champaign*, 979 F.3d 563, 571 (7th Cir. 2020). Likewise, the "absence of any underlying violation of Plaintiff's rights precludes the possibility of Plaintiff succeeding on a conspiracy claim." *Sow v. Fortville Police Dep't*, 636 F.3d 293, 305 (7th Cir. 2011); *see also Smith v. Gomez*, 550 F.3d 613, 617 (7th Cir. 2008) ("conspiracy is not an independent basis of liability in § 1983 actions"). The Court grants defendants' motions to dismiss Counts IV and V of the amended complaint with prejudice.

*State Law Claims*

Because the Court is granting defendants' motions to dismiss Towne's constitutional claims with prejudice – over which the Court has original subject matter jurisdiction – the Court, in its discretion, declines to exercise its supplemental jurisdiction over Towne's state law claims of malicious prosecution, intentional infliction of emotional distress, indemnification, and conspiracy under Illinois law pursuant to 28 U.S.C. § 1367(c)(3). *See Black Bear Sports Group, Inc. v. Amateur Hockey Association of Illinois, Inc.*, 962 F.3d 968, 972 (7th Cir. 2020) ("Because the federal claim fails, any state-law claims belong in state court."); *Rivera v. Allstate Ins. Co.*, 913 F.3d 603, 618 (7th Cir. 2018) ("there is a general presumption that the court will relinquish supplemental jurisdiction and dismiss the state-law claims without prejudice."). The Court dismisses Counts VI through IX without prejudice. Towne may refile these claims in state court.

**Conclusion**

For the foregoing reasons, the Court grants defendants' motions to dismiss plaintiff's constitutional claims with prejudice and declines to exercise supplemental jurisdiction over plaintiff's state law claims [43, 44, 49]. Plaintiff's state law claims are dismissed without prejudice so that they may be pursued in a state court. Civil case terminated.

IT IS SO ORDERED.

Date: 7/16/2021

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge